United States District Court
Southern District of Texas
**ENTERED**
June 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANTONIO VILLARREAL-FLORES | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:19-cv-25 |
| | § | CRIMINAL ACTION NO. 5:17-cr-234 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case was referred, by order of the District Court (Dkt. No. 5; Cr. Dkt. No. 51),[1] to the United States Magistrate Judge for an evaluation of Petitioner Antonio Villarreal-Flores' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody regarding criminal case 5:17-CR-234-01. (Dkt. No. 1; Cr. Dkt. No. 48.) The Court has carefully reviewed all pertinent matters in this case. Based on this review and the application of the governing legal authorities, Petitioner's Motion should be DENIED, and his claims should be DISMISSED WITH PREJUDICE.

## APPLICABLE BACKGROUND

On March 10, 2017, Antonio Villarreal-Flores approached the U.S. Border Patrol ("BP") checkpoint near the 29-mile marker on IH-35 north of Laredo, Texas, in a black pickup truck. (Cr. Dkt. No. 1 at 2.) Villarreal-Flores' girlfriend, Diana Carares Garza, and a three-year-old child[2] traveled with him. (Cr. Dkt. No. 29 at 3-4.) The BP agent on duty alleged that Villarreal-Flores appeared nervous and asked him if there was anything in the back of the pickup truck during the

---

[1] As used herein, "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in civil case number 5:19-CV-25 and "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:17-CR-234-01.

[2] Garza was watching the child when Villarreal-Flores picked her up to come with him to San Antonio, Texas. (Cr. Dkt. No. 29 at 4.)

immigration inspection.  (Cr. Dkt. No. 1 at 2.)  Villarreal-Flores answered that there should not be anything in the back.  *Id*.  A BP canine alerted to the vehicle, and the agents then inspected inside the truck bed.  *Id*.  Nineteen bundles containing marijuana were discovered, collectively weighing approximately 221.17 kilograms.  *Id*.  Villarreal-Flores was arrested, but Garza was released without prosecution.  (Cr. Dkt. No. 29 at 4.)

After being advised of his rights, Villarreal-Flores confessed to law enforcement how he became involved in drug smuggling.  *Id*.  While traveling in Nuevo Leon, Mexico, to pick up his mother for a medical appointment in Houston, Texas, Villarreal-Flores met a friend identified as "Pedro."  *Id*.  Pedro offered Villarreal-Flores a job transporting marijuana from Laredo to San Antonio, which he accepted as he was struggling financially.  *Id*.  Pedro instructed Villarreal-Flores to meet him at a supermarket parking lot located off IH-35 on March 10, 2017, to pickup the marijuana.  *Id*.  When Villarreal-Flores arrived in Laredo, he contacted Garza and invited her to come with him to San Antonio to visit his cousin.  *Id*.  However, the cousin in question was in fact in Mexico.  *Id*.  After picking up Garza and the three-year-old child, Villarreal-Flores met Pedro in the supermarket parking lot and took the pickup truck carrying the marijuana shipment. *Id*.  Pedro promised Villarreal-Flores $2,000 in payment and asked for an update after he successfully passed the IH-35 BP checkpoint.  *Id*.

Villarreal-Flores was indicted on charges that he knowingly conspired to possess with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B); and possessed with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.  (Cr. Dkt. No. 15 at 1-2.)   Villarreal-Flores pleaded guilty to the charges without a plea agreement before the Honorable Magistrate Judge J. Scott Hacker on May 1, 2017.  (Cr. Minute Entry dated May 1, 2017.)  The Honorable District

Judge George P. Kazen later adopted the Magistrate Judge's Report and Recommendation on Villarreal-Flores' plea.  (Cr. Dkt. Nos. 25, 26.)

The Probation Office then prepared a Presentence Investigation Report ("PSR").  (Cr. Dkt. No. 29.)  The PSR calculated Villarreal-Flores' total offense level at 26, including a two-level upward adjustment for his role in the offense.  *Id*. at 5-6.  The Probation Office wrote in this section that:

> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.  The defendant was accompanied by a woman named Diana Garza, and a 3-year-old minor female.  The details of the offense suggest the defendant asked Ms. Garza, who is not his spouse, to accompany him so as to appear that they were traveling as a family unit and not arouse suspicion from law enforcement.  The three year old minor female is not related to either the defendant or Ms. Garza.

*Id*. at ¶ 22.  Defense Counsel, Silverio Martinez, Esq., submitted a statement of non-objection to the PSR.  (Cr. Dkt. No. 33.)

Villarreal-Flores was sentenced by the Honorable District Judge Marina Garcia Marmolejo on January 10, 2018.  (Cr. Minute Entry dated January 10, 2018.)  At sentencing, Defense Counsel argued against the two-level enhancement in ¶ 22, asserting that Villarreal-Flores did not intend to use the child in the commission of the offense.  Audio recording: Sentencings (AM) (Jan. 10, 2018) at 10:52.[3]  Defense Counsel claimed the child was not brought to make detection less likely, but that "it just happened that way."  *Id*.  The Government countered that Villarreal-Flores could have trafficked the drugs by himself, and that the three-year-old child and Garza were brought because a family unit would appear less suspicious to law enforcement.  Sentencing at 10:59.  The Court found the Government's argument more plausible and that the enhancement was warranted.  *Id*.

---

[3] Hereinafter referred to as "Sentencing."

Considering everything presented pursuant to the 18 U.S.C. § 3553(a) factors, the District Court sentenced Villarreal-Flores to sixty-five months imprisonment, among other terms and conditions.  Sentencing at 11:03-05;  (Cr. Dkt. No. 45 at 3.)  In this § 2255 motion, received by the Court on February 11, 2019,[4] Villarreal-Flores requests that his sentence be vacated and re-imposed at the sixty-month "mandatory minimum."  (Dkt. No. 2 at 5; Cr. Dkt. No. 49 at 5.)

## DISCUSSION

Villarreal-Flores claims that "Counsel for Petitioner provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights for his failure to object to the role in offense enhancement for use of a minor."  (Dkt. No. 1 at 3; Cr. Dkt. No. 48 at 3.)  Villarreal-Flores argues that the offense enhancement in ¶ 22 of the PSR was wrongly applied, and therefore Defense Counsel's performance was deficient for not objecting to it.  (Dkt. No. 2 at 2-3; Cr. Dkt. No. 49 at 2-3.)  Generally, such a sentencing guidelines argument cannot be made in a § 2255 motion because:

> Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  **A district court's technical application of the Guidelines does not give rise to a constitutional issue**.

*United States v. Garcia*, 8 F.3d 22 (5th Cir. 1993) (citation and citation marks omitted) (emphasis

---

[4] Villarreal-Flores' judgement was issued on January 18, 2018, and this § 2255 motion was received by the Clerk's Office a year and twenty-four days later, on February 11, 2019.  (Cr. Dkt. No. 45; Dkt. No. 1 at 1.)  As such, Villarreal-Flores' petition may have a statute of limitation issue because 28 U.S.C. § 2255(f) sets a one-year statute of limitations after the judgement becomes final, which in this case was February 2, 2018.  *See* FED. R. APP. P. 4(b)(1)(A); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) ("[A] conviction becomes final for purposes of § 2255 upon the expiration of the 14-day period for filing a direct appeal.") (alteration mark omitted).  However, Villarreal-Flores' petition was allegedly signed on January 31, 2019, and the Clerk's Office was unable to determine the mailing date, the best estimate from the Bureau of Prisons' facility being February 4, 2019.  (Dkt. No. 1 at 6);  *see Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (on the mailbox rule and statute of limitations compliance).  As it inconclusive whether Villarreal-Flores met the § 2255(f) deadline, the Court equitably tolls it.  *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) ("The statute of limitations must not be applied too harshly.  Dismissing a first § 2255 motion or habeas petition is a 'particularly serious matter.'").

in original).  In this case, because Villarreal-Flores embeds the sentencing guidelines argument within the ineffective assistance of counsel claim, the undersigned considered the argument's merits.  *See United States v. Dignam*, No. CR 10-20-SDD-EWD, 2018 WL 1465269, at *2-4 (M.D. La. Feb. 24, 2018), report and recommendation adopted, No. CV 10-20-SDD-EWD, 2018 WL 1463691 (M.D. La. Mar. 23, 2018);  *Contee v. United States*, No. MO-06-CR-151, 2013 WL 12231890, at *3 (W.D. Tex. May 15, 2013).

To claim ineffective assistance of counsel, Villarreal-Flores must show that Defense Counsel's performance was both deficient and prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Deficient" means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  Secondly, "[p]rejudice results if the attorney's deficient performance would likely render . . . the . . . sentence unreliable."  *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001) (citation omitted).

The Probation Office wrote that the sentencing enhancement was warranted because "[t]he details of the offense suggest the defendant asked Ms. Garza, who is not his spouse, to accompany him so as to appear that they were traveling as a family unit and not arouse suspicion from law enforcement."  (Cr. Dkt. No. 29 at 6.)  Villarreal-Flores incorrectly believes this enhancement was calculated pursuant to Section § 3B1.1(c) of the U.S. Sentencing Guidelines, which requires that: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels."  (Dkt. No. 2 at 3; Cr. Dkt. No. 49 at 3.)  Villarreal-Flores then argues that this enhancement only applies to the leadership or supervision of criminally culpable participants.  *Id*.  As Garza was not charged and the three-year-old child was not criminally culpable, Villarreal-Flores asserts that a § 3B1.1(c) enhancement would have been improper and Defense Counsel's performance deficient for failing to object.  *Id*. at 3-4.

5

Villarreal-Flores is mistaken that the enhancement was added pursuant to § 3B1.1(c). Rather, the Probation Office quoted § 3B1.4 in ¶ 22 of the PSR as the basis for the enhancement. Section 3B1.4 states that:

> If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels.

 (¶ 22 PSR; Cr. Dkt. No. 29 at 5-6.)  Contrary to Villarreal-Flores' argument, § 3B1.4 only requires that a minor be used to avoid detection by law enforcement, the minor does not have to be a criminally culpable participant in the offense.  The Fifth Circuit Court of Appeals explains that "when a defendant's crime is previously planned—when, for example, []he leaves the house knowing []he is on h[is] way to smuggle drugs the act of bringing the child along instead of leaving the child behind is an affirmative act that involves the minor in the offense."  *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013) (citation and citation marks omitted).  This precedent describes Villarreal-Flores' conduct in picking up the three-year-old child and Garza before getting the marijuana shipment at the prearranged meetup.  (Cr. Dkt. No. 29 at 4.)

As discussed in the PSR, the drug transport was planned before Villarreal-Flores came to Laredo, and he induced Garza to come along by claiming that they were going to visit his cousin in San Antonio.  *Id.*  The fact that Villarreal-Flores contrived a story that he was going to San Antonio to visit a cousin, who was actually in Mexico, shows the offense's premediated nature and that he brought Garza along with the three-year-old child to appear less suspicious to law enforcement.  *Id.*  Lastly, Villarreal-Flores could have chosen to go alone to San Antonio when he realized that he would be traveling with a three-year-old child, as he picked up the shipment after meeting up with Garza and the child.  *Id.*  As such, "the act of bringing the child along instead of leaving the child behind is an affirmative act that involves the minor in the offense."  *Powell*, 732

F.3d at 381.  Nothing raised by Villarreal-Flores distinguishes his case from others similarly situated or shows deficiency by Defense Counsel.  Instead, the Fifth Circuit holds that anyone "who makes a decision to bring a minor along during the commission of a previously planned crime . . . in an effort to reduce suspicion is subject to having her sentence enhanced under § 3B1.4." *United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010), as revised (Nov. 15, 2010).  *See also United States v. Aguayo*, 700 F. App'x 353, 354 (5th Cir. 2017) (§ 3B1.4 enhancement warranted where petitioner brought a child knowing that she was going to transport an undocumented alien);  *United States v. Zuniga*, 613 F. App'x 421, 422 (5th Cir. 2015) (bringing children to a drug transaction warranted § 3B1.4 enhancement);  *United States v. Gutierrez*, 251 F.3d 156 (5th Cir. 2001) (presence of children while supervising marijuana transportation warranted § 3B1.4 enhancement).

Furthermore, Defense Counsel did argue against the § 3B1.4 enhancement at sentencing, offering Villarreal-Flores' explanation that the child was present because "it just happened that way."  Sentencing at 10:52.  This excuse was inadequate as bringing a child to a prearranged drug transport is an affirmative act which warrants the § 3B1.4 enhancement.  *Powell*, 732 F.3d at 381. But Defense Counsel still made the argument and his failure to persuade the District Court does not make his performance deficient for Sixth Amendment purposes.  Sentencing at 10:59.  Lastly, "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."  *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Therefore, Defense Counsel's decision not file a written objection to the PSR was not deficient performance.

In summary, Villarreal-Flores has not shown that Defense Counsel's performance was deficient.  *Strickland*, 466 U.S. at 687.  In fact, Villarreal-Flores' argument against the sentencing

enhancement was presented, and its inability to persuade does not mean he received ineffective assistance of counsel.  Sentencing at 10:52-10:59; *see Powell*, 732 F.3d at 381.  Villarreal-Flores also has not shown Defense Counsel's decision not to file a written objection to the PSR was prejudicial, as counsel verbally raised the argument at the sentencing hearing.  Lastly, the District Court imposed the sentence in the light of everything presented pursuant to the 18 U.S.C. § 3553(a) factors, and Villarreal-Flores has not shown entitlement to a five-month sentence reduction from 65 months to 60 months or that he suffered prejudice as a result of his attorney's performance. Sentencing at 11:03-05;  *Strickland*, 466 U.S. at 687.  *See United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).

## CONCLUSION

For the foregoing reasons, the Magistrate Court **RECOMMENDS** Villarreal-Flores' § 2255 motion (Dkt. No. 1; Cr. Dkt. No. 48) be **DISMISSED WITH PREJUDICE**.  Because the Court finds Petitioner's Motion makes no substantial showing of the denial of a constitutional right and that any appeal would not be taken in good faith, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** and that the District Court certify that any appeal should not be taken *in forma pauperis*.

The Clerk of Court is directed to mail this Report and Recommendation to the petitioner at his listed address.

## NOTICE OF RIGHT TO OBJECT

Petitioner may file objections to this Report and Recommendations.  Objections to any part of this Report and Recommendations must be specific, written objections and must be filed within 14 days after Petitioner is served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which

the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendations where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendations to Petitioner by certified mail, return receipt requested.

Signed on June 5, 2019, at Laredo, Texas.

DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE